UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL MCGARY,

                Petitioner,

     v.

DR. HENRY RICHARDS,

                Respondent.

Case No. C06-5086RJB

ORDER TO SHOW CAUSE

This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

Petitioner requests federal *habeas corpus* relief in the form of removal from the Washington State Department of Social and Health Services' Special Commitment Center ("SCC"), where he currently is

ORDER
Page - 1

being detained, to the Pierce County Jail, and a stay of all proceedings against him pending investigation into the conditions of his detention. It appears, however, that the grounds for federal *habeas corpus* relief petitioner presents have not been properly exhausted in state court. First, plaintiff states that appeal of the judgment of conviction he is challenging is still pending before the Washington State Supreme Court. Second, the petitioner does <u>not</u> show that his claims for <u>federal</u> *habeas corpus* relief have been presented to the Washington State Supreme Court. Indeed, nowhere in the petition he filed with this court does he indicate the federal nature of the grounds raised.

Accordingly, the court shall not serve the petition on respondent. Petitioner shall file by **no later than April 10, 2006**, an amended petition showing that his grounds for federal *habeas corpus* relief have been properly exhausted in state court, or show cause why this matter should not be dismissed. In addition, the court notes that petitioner's petition is written in pencil, which makes parts of the petition difficult to read or illegible in their entirety. Petitioner's amended petition, therefore, either shall be type-written, or written in pen or in pencil dark enough for the court to read it.

The Clerk shall send a copy of this Order to petitioner.

DATED this 10th day of March, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2